## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**SWATANTRA SUD,** an individual

                   Plaintiff,

     v.

**AIR FRANCE KLM GROUP,** a
Foreign Corporation for Profit,
Doing Business as **AIR FRANCE**

               Defendant.

Case No. 2:08-cv-14245
Judge: Steven J. Murphy
Magistrate Donald A. Scheer

_____

Law Offices of Mark Kelley Schwartz, P.C.
By:**MARK KELLEY SCHWARTZ
(P48058)**
Attorney for Plaintiff
29201 Telegraph Rd., Ste. 330
Southfield, MI  48034
Tel:  (248) 353-4000
Fax:  (248) 353-4005
Email:  mks@mkslawfirm.com

**CHRISTOPHER G. KELLY
JUDITH NEMSICK**
Holland & Knight LLP
Attorneys for Defendant
195 Broadway
New York, NY  10007
Tel:  (212) 513-3514
Fax: (212) 385-9010
Email:  christopher.kelly@hklaw.com
Email:  judith.nemsick@hklaw.com

Jaffe Raitt Heuer & Weiss, P.C.
**SCOTT R. TORPEY (P36179)
WILLIAM D. ADAMS (P54404)**
Attorneys for Defendant
27777 Franklin Road, Ste. 2500
Southfield, MI  48034
Tel:  (248) 351-3000
Fax:  (248) 351-3082
Email:  storpey@jaffelaw.com
Email:  wadams@jaffelaw.com

**HEARING DATE:**

**January 14, 2010 – 2:00 p.m.**

_____

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## MOTION FOR PROTECTIVE ORDER

     The central issue to be resolved is whether a defendant can prevent the

taking of all depositions of its employees, including eyewitness employees, merely by 'agreeing' to not contest liability at trial, or whether a plaintiff is entitled to take the depositions of the defendant's employees who have knowledge concerning the basis for his claims, including those eyewitness employees, under Rule 26(b).

Defendant Air France, in response to Plaintiff's Notice of Taking Deposition pursuant to Rule 30(b)(6) has moved this court for a protective order seeking to prevent, outright, any of its employees from being deposed.   Its basis for doing so is the representation that it won't contest liability.  However, the employees who it desires to shield from having their  depositions taken include eyewitnesses to the events aboard Flight 374 from Paris to Detroit and those who can provide context and background to Plaintiff's claims concerning the condition of the aircraft, Air France's policies and procedures relating to in-flight service and those other categories of corporate representatives designated in the 30(b)(6) notice.

While the stated representations concerning the goals of Air France in controlling the cost of discovery and securing swift and speedy resolution are important, and in fact, are more often than not cited to by plaintiffs in litigation against multi-national corporations like Defendant; Air France seeks in this instance to borrow that template and prevent Plaintiff from gaining traction on issues of liability and damages – all of which are relevant under rule 26(b). Plaintiff may agree after securing initial testimony of Air France's witnesses to

2

accept the 'explicit waiver of liability' Air France now offers – but cannot be forced to do so at this juncture.

This action is brought under the Montreal Convention, which for damages under 100,000 Special Drawing Rights (SDR) (approximately $159,000), provides that Defendant cannot exclude or limit its liability, except only to show comparative fault by Plaintiff. For damages in excess of 100,000 SDR's, Air France can only seek to show it had no fault or that the injury occurred solely due to the negligence of a third party. In other words, Air France's offer to not contest liability is less of a genuine offer to abide by the meaning of Fed. R. Civ. P. Rule 1, and more of a reality-check given the relative burdens of proof on parties in Montreal Convention litigation.

Wherefore, for the reasons presently stated as well as those discussed at greater length in Plaintiff's Brief in Support of His Response to Defendant's Motion for Protective Order, Plaintiff respectfully requests this court deny Defendant's motion and order Air France to submit its employees for their depositions.

Respectfully Submitted,

**MARK KELLEY SCHWARTZ, P.C.**

/s/ *Mark Kelley Schwartz*
By: Mark Kelley Schwartz (P48058)
29201 Telegraph Road, Ste 330
Southfield, MI 48034
Tel: (248) 353-4000
Facsimile: (248) 353-4005
Email: mks@mkslawfirm.com

3

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**SWATANTRA SUD,** an individual

           Plaintiff,

   v.

**AIR FRANCE KLM GROUP,** a
Foreign Corporation for Profit,
Doing Business as **AIR FRANCE**

           Defendant.

Case No. 2:08-cv-14245

Judge: Steven J. Murphy

_____

Law Offices of Mark Kelley Schwartz, P.C.
By:**MARK KELLEY SCHWARTZ (P48058)**
Attorney for Plaintiff
29201 Telegraph Rd., Ste. 330
Southfield, MI  48034
Tel:  (248) 353-4000
Fax:  (248) 353-4005
Email:  mks@mkslawfirm.com

**CHRISTOPHER G. KELLY**
**JUDITH NEMSICK**
Holland & Knight LLP
Attorneys for Defendant
195 Broadway
New York, NY  10007
Tel:  (212) 513-3514
Fax: (212) 385-9010
Email:  christopher.kelly@hklaw.com
Email:  judith.nemsick@hklaw.com

Jaffe Raitt Heuer & Weiss, P.C.
**SCOTT R. TORPEY (P36179)**
**WILLIAM D. ADAMS (P54404)**
Attorneys for Defendant
27777 Franklin Road, Ste. 2500
Southfield, MI  48034
Tel:  (248) 351-3000
Fax:  (248) 351-3082
Email:  storpey@jaffelaw.com
Email:  wadams@jaffelaw.com

**HEARING DATE:**

    **January 14, 2010 – 2:00 p.m.**

_____

## PLAINTIFF'S BRIEF IN SUPPORT OF HIS RESPONSE
## TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

I.  WHETHER DEFENDANT IS ENTITLED TO A PROTECTIVE
ORDER FORBIDDING PLAINTIFF FROM TAKING THE DEPOSITIONS
OF ANY OF ITS EMPLOYEES OR CORPORATE REPRESENTATIVES
UPON A STATEMENT THAT IT WILL NOT CONTEST LIABILITY AT TRIAL.

Plaintiff answers, "NO."

Defendant would answer, "YES."

# TABLE OF CONTENTS

Page

CONCISE STATEMENT OF ISSUE PRESENTED……………………………………. ii.

TABLE OF AUTHORITIES……………………………………………………………… iv.

STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY.................... v.

I. INTRODUCTION ...................................................................................... 1.

    A. Plaintiff's Statement of Relevant Facts....................................................... 1.
    B. Procedural Background ............................................................................ 3.

II. LEGAL ARGUMENT ............................................................................... 5.

    A. Air France's Decision to Not-Contest Liability
       is Not a Stipulation. The Parties Have Not
       Reached Mutual Assent. ……………………………………………………… 5.

    B. Defendant has Not Met Its Burden of Good
       Cause Regarding Issuance of a Protective Order. ……………..................... 6.

    C. Air France's Witnesses Include Factual Witnesses. …………………………… 10.

III. CONCLUSION AND RELIEF REQUESTED ................................................... 11.

IV. CERTIFICATE OF SERVICE…………………………………………………… 12.

IV. INDEX OF EXHIBITS.................................................................................. 13.

## TABLE OF AUTHORITIES

**Cases**

*Blakenship v.  Hearst Corp.,*
519 F2d 418, 429 (9th Cir. 1975)
*Custom Form Manufacturing, Inc. v. Omron Corp.*,
196 F.R.D. 333, 337  (D.C. Ind. 2000)

*Foltz v.  State Farm Mut. Auto Ins. Co.*
 331 F3d 1122, 1130 (9th Cir. 2003)

*Gibson v.  International Freighting Corp*.,
8 F.R.D. 487 (E.D. Pa. 1947), *aff'd* 173 F.2d 591 (3d Cir. 1949)

*In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Lit.,*
669 F2d 620, 623 (10th Cir. 1982)

*Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*,
181 F.R.D. 229, 242 (W.D.N.Y. 1998)
*Lewis v. ACB Business Services, Inc.*,
135 F.3d 389, 402 (6th Cir. 1998)

*Rose v. Saginaw County*,
353 F. Supp. 2d 900 (E.D. Mich  2005)

*Schultz v. Koninklijke Luchtvaart Maatschappij N.V. KLM*
*Roytal Duth Airlines Holland*, 21 F.R.D 20 (E.D. N.Y. 1957)

*Sowers v. General Motors Corp.*,
16 F.R.D. 562 (E.D.Pa.1954)

*Supine v. Air France*,
21 F.R.D. 42, 42-44, (E.D. N.Y. 1955)

*Tomingas v. Douglas Aircraft Co.*,
45 F.R.D. 94, 97 (D.C.N.Y.1968)

*United States v. Int'l Business Machine Corp.,*
66 F.R.D. 180 (S.D.N.Y. 1974)

**<u>Court Rules</u>**

Fed. R. Civ. P. 26

Fed. R. Civ. P. 30(b)(6)

**<u>Other Authorities</u>**

Convention for the Unification of Certain Rules Relating to International
Carriage by Air, opened for signature on 28 May 1999,
reprinted in S. Treaty Doc. 106-45, 1999 WL 333292734

## <u>PLAINTIFF'S STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY</u>

Plaintiff asserts that Fed. R.Civ. P Rule 26(b)(1) is the most appropriate controlling authority.

# I.   INTRODUCTION

## A.  Plaintiff's Statement of Relevant Facts

Plaintiff, Swantantra Sud, was a passenger aboard Air France Flight 374 (the "accident flight") on December 16, 2007, flying from Charles de Gaulle Airport, Paris, France, to Detroit's Wayne County Airport.  While in flight, Plaintiff and the passenger sitting next to him, desired hot tea and were instructed by a flight attendant, after ringing the flight attendant call button, to go back to the airplane's galley in order to be served. Plaintiff's Complaint, ¶ 10.  Plaintiff and his seatmate both left their seats and went back to the airplane galley where they were given cups containing a tea bag which were filled with hot water poured directly from the aircraft's coffeemaker/hot water dispenser by an Air France flight attendant.[1]

Plaintiff returned to his window seat, crossing over the "B" aisle seat, brought his tray table down and placed the cup of tea in the detent on the tray table.  Plaintiff's seatmate, who entered the row immediately behind Plaintiff, sat down and brought down the armrest that they shared.  The armrest fell in a very fast manner, without any tensioning, and, because of the limited distance between the seat rows (referred to as seat pitch), it struck the Mr. Sud's already-lowered tray table, dislodging his hot tea and causing it to run down the tray table onto his lap where it burned his upper leg area and his testicles, causing second degree burns and scarring.  Plaintiff also sustained a tear to his right medial hamstring after trying to alight from his seat to avoid further burns from

---

[1]  Plaintiff was seated at Row 28, Seat A (next-to the window).  The other passenger, Mr. Dilip Desai, was seated in 28B.

the hot tea (unfit for human consumption at that temperature) which continued to run down his tray table and onto his lap.

Plaintiff filed this Complaint against Air France KLM Group, a foreign corporation for-profit doing business as Air France, setting forth the negligent and wrongful conduct of Defendant and its employees: 1) negligently permitting a heated beverage to be served at an unsafe temperature which caused second-degree burns on Plaintiff's scrotum and thigh; 2) intentionally or wrongfully maintaining a seating configuration which placed the swing-path of the armrest adjacent to Plaintiff's seat in contact with the tray table, 3) negligently or wrongfully maintaining the armrest adjacent to Plaintiff's seat such that it did not have any tension but rather came down in an uncontrolled manner; and, 4) negligently failing to provide timely or appropriate medical attention to Plaintiff, exacerbating the initial injuries and causing further injuries and losses.  Plaintiff's Complaint, ¶ 21.

This action was filed pursuant to the Convention for the Unification of Certain Rules Relating to International Carriage by Air, opened for signature on 28 May 1999, reprinted in S. Treaty Doc. 106-45, 1999 WL 333292734 (entered into force November 4, 2003) (treaty), commonly referred to as the Montreal Convention, which provides, in relevant part, at Article 17 that Air France is "liable for damage sustained in the event of a death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage sustained took place on board the aircraft." Defendant denied any liability.  Answer and Affirmative Defenses of Sociètè Air France, ¶ 21.

The Montreal Convention generally provides, in passenger-injury cases, a two-tier

2

system of compensation.  Article 21 provides that for damages not exceeding 100,000

Special Drawing Rights, the carrier should not be able to exclude or limit its liability.[2]

Article 21, Sec. 1.  If an air carrier can prove that the injury to a passenger was "not due

to the negligence or wrongful act or omission of the carrier or its servants or agents" or

that the damage "was solely due to the negligence or wrongful act or omission of the

third-party", the carrier will not be liable for any damages in excess of 100,000 Special

Drawing Rights.  The air carrier can be wholly or partially exonerated from liability if it

can prove that the damage to the passenger was caused or contributed to by the

negligence or other wrongful act or omission of the person claiming compensation.  *Id.*,

Article 20.

### B.  Procedural Background

Swatantra Sud filed his action on October 6, 2008. Sociètè Air France filed its

Answer and Affirmative Defenses on November 21, 2008.  The parties continued to

engage in cooperative discovery relating to their initial disclosures as required under Fed.

R. Civ. P. 26(a).

Plaintiff's First Request for Production of Documents were propounded to

Defendant on February 19, 2009.  During the ensuing months, both Defendant's counsel

and Plaintiff's counsel attempted to work through the language of  a  stipulated Protective

Order regarding certain claimed-proprietary documents to be produced by Air France and

the photographs and medical records to be produced by Plaintiff  in the litigation.  Not

having  reached any accord, principally because the parties could not agree on the

---

[2]   A Special Drawing Right is a unique monetary unit which acts only in the capacity of a reserve instrument, promulgated and controlled by the International Monetary Fund  It is composed of a basket of currencies which are examined every five years.  As of the date of this document, 1 SDR equals $1.59 (USD).

respective obligation of Air France to release information which fell within the category of discoverable information under Fed. R. Civ. P. Rule 26 (b), yet may come within the penumbra of information that is considered private under certain alleged directives of the French Republic.

Having reached no accord, on August 4, 2009, Plaintiff noticed the deposition(s) of Defendant's Corporate Representatives in five areas of knowledge.  See,  Notice of Taking Depositions Pursuant to Fed. R. Civ. P. 30(b)(6) – Duces Tecum, at Exhibit 1. On August 28, 2009, defense counsel emailed Plaintiff's counsel informing them that the depositions were unnecessary in light of Air France's willingness to stipulate to a 'no contest' of liability and not to raise any defenses of Plaintiff's comparative fault or the fault of a fellow passenger provided that the case proceeded on damages-related discovery only which meant no pending or further discovery of any Air France witnesses.

Defendant attached a proposed Stipulation on Liability and Discovery Matters in which Air France "expressly denies that it is responsible or liable for the subject accident and any damages sustained by Plaintiff", yet agreed not to contest its liability for recoverable compensatory damages.  Further, the proposed purported Stipulation provided that Defendant "does not waive its right to contest and litigate any other issues in this action including but not limited to the proper amount of compensatory damages, whether Plaintiff's proof of damages is admissible and sufficient, whether certain damages were caused by the subject accident, whether Plaintiff failed to mitigate damages allegedly caused by the subject accident, and whether Plaintiff's damages are recoverable under applicable law based upon the type and nature of the damages alleged."  Exhibit 2, Stipulation on Liability and Discovery Matters.  The proposed

stipulation required Plaintiff to agree to "indemnify and hold Defendant and its directors, officers, employees, agents, insurers, subsidiaries, corporate parents and corporate affiliates, harmless from any and all claims or actions by other individuals or entities against whom Plaintiff makes any claim arising out of the subject accident and any and all expenses incurred in connection with defense of such actions, and further *not to introduce or seek leave of the Court to introduce any evidence of Defendant's alleged culpable conduct at any trial of this action*. (Emphasis added.) Id., ¶ 4. Under the proposed Stipulation, Plaintiff was also to limit its recovery for compensatory damages to $225,000. *Id.*

On September 10, 2009, Plaintiff adjourned, upon agreement with opposing counsel, the 30(b)(6) deposition of Defendant's representatives scheduled for September 14, 2009. Defendant's objections and responses to Plaintiff's First Request for Production of Documents was received eventually by Plaintiff on September 15, 2009. After several more conversations with opposing counsel regarding the available dates in early December for the depositions of Air France's corporate representatives, Air France caused to file their Motion for Protective Order on November 24, 2009.

## II. Legal Argument

### A. Air France's Decision to Not-Contest Liability is Not a Stipulation. The Parties Have Not Reached Mutual Assent.

In its most basic form, a stipulation is formed through basic contract principles. It requires mutual assent of the parties to reach, as it forms a basic contract between the parties. A stipulation serves to narrow disputes and as such is generally encouraged to

promote justice.  *Rose v. Saginaw County*, 353 F. Supp. 2d 900 (E.D. Mich.  2005).   An

unsigned stipulation is not binding on any party.  *Land Ocean Logistics, Inc. v. Aqua Gulf*

*Corp.*, 181 F.R.D. 229, 242 (W.D.N.Y. 1998).   Neither the proposed stipulation (really,

a stipulation, agreement to cap Plaintiff's damages and an indemnification agreement)

provided by Air France to Plaintiff's counsel, nor the statement in their motion for

protective order to not-contest liability constitutes a stipulation.

Plaintiff did not agree to the proposed stipulation as submitted by Air France.

Although the concessions (or waiver) it now proposes in light of its moving for the

Protective Order does not include some of the onerous portions of their prior proposal,

Plaintiff will not agree to the stipulation as it impermissibly it seeks to cut-off Plaintiff's

rights under Fed. R Civ. P. Rule 26(b)(1) to conduct basic discovery of the facts and

circumstances surrounding the accident by taking the depositions of Defendant's

witnesses.

### B.   Defendant has Not Met Its Burden of Good Cause Regarding Issuance of a Protective Order.

The issuance of a protective order is controlled by Fed. R. Civ. P. Rule 26(c).

Good cause needs to be demonstrated by the moving party to protect the party or person

from "annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ.

P. Rule 26(c)(1).  A particular and specific need for the order must be shown.  *Blakenship*

*v. Hearst Corp.,* 519 F2d 418, 429 (9th Cir. 1975).  Broad generalized allegations of

harm, without specific reasons do not satisfy the standard.  *Foltz v.  State Farm Mut. Auto*

*Ins. Co.* 331 F3d 1122, 1130 (9th Cir. 2003).

Under the Federal Rules of Civil Procedure, Plaintiff is entitled to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Relevant information is defined further in that same paragraph as not requiring admissibility at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Even if one were to adopt Air France's fallacious reasoning that their waiver prohibits all discussion of liability, both in discovery and in trial, their argument is one of admissibility of evidence, not relevancy under the rules for discovery.[3]

The scope of discovery is also broader than that allowed at trial. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)  Discoverable evidence is not just limited to that evidence which will be admissible at trial so long as the information appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1); *United States v. Int'l Business Machine Corp.,* 66 F.R.D. 180 (S.D.N.Y. 1974).   Air France's argument is premature and involves issue of admissibility of evidence at trial rather than discovery.   A party cannot thwart discovery on disputed pleadings merely by stating in request to a deposition notice that they aren't going to contest liability.   Moreover, one has to seriously examine that party's motives for a sudden admission of liability – and that examination can only occur in the discovery stage.   What significantly changed between Air France's Answer, where it denied any liability and the present motion?

---

[3]  See also, *Kidwiller v. Progressive Paloverde Insurance Co.*, 192 F.R.D. 193, 200 (N.D.W. Va. 2000), where a defendant objected to discovery on the ground that it was not related to a claim that plaintiff must prove and the court found that the defendant "confuses the distinction between relevance as defined and applied between discovery and evidence."

Defendant has cited to no specific harm that would befall it if the testimony of its corporate representatives were to be taken with respect to the facts and circumstances surrounding Plaintiff's injury.  Even if the court finds good cause, a balance must still be struck between allowing discovery in a case against the relative burdens of discovery.  *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Lit.*, 669 F2d 620, 623 (10th Cir. 1982).  Air France is attempting to eliminate all discovery from its corporate representatives – including those with factual information regarding.  Surely, what Air France is attempting to do here – by asking this court to not permit depositions of any of its witnesses is to essentially eliminate any contextual discussion of how this accident occurred and the testimony of any of its employee witnesses to the events while still reserving the right to minimize, or even disclaim Mr. Sud's injuries and losses.

Air France has intimated that its witnesses should be spared the undue expense and burden of appearing in our judicial district for their depositions – notwithstanding the fact that it purposefully avails itself of this forum - conducting systematic and continuous business in the Eastern District of Michigan.   Numerous courts have found that the deposition of a corporate representative may take place in the fora of the litigation rather than the principal place of business of the defendant.  Additionally, the decision as to which party shall pay transportation and related expenses in deposing the witness is within the court's sound discretion. *Gibson v.  International Freighting Corp*., 8 F.R.D. 487 (E.D. Pa. 1947), *aff'd* 173 F.2d 591 (3d Cir. 1949). The facts and circumstances of each individual case determine how the court will exercise this discretion. *Sowers v. General Motors Corp.*, 16 F.R.D. 562 (E.D.Pa.1954).  Air France can transport its

involved employee-witnesses without direct cost.  Alternatively, Air France can build

their flight attendant- witnesses work schedules around the time set for a deposition.

The court is essentially charged with balancing the interests of the parties. Where a

party is in a unique position, be it financially or otherwise, to deliver its representatives to

the forum district for a deposition, courts have ruled that the party with the ability should

do same.  This is especially true where the defendant is an airline and can transport the

witness to the situs of the deposition without additional cost.  Air France/KLM operate a

robust worldwide flight schedule. See, *Schultz v. Koninklijke Luchtvaart Maatschappij*

*N.V. KLM Royal Dutch Airlines Holland*, 21 F.R.D 20 (E.D. N.Y. 1957), citing to *Supine*

*v. Air France*, 21 F.R.D. 42, 42-44, (E.D. N.Y. 1955), where the court, in a case arising

out of an air carrier accident in Shannon, Ireland, ordered KLM to produce its employees

for their deposition in New York (the forum of the lawsuit) rather than in the Netherlands

as requested by KLM.   Similarly, in *Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94, 97

(D.C.N.Y.1968), the court, in a lawsuit alleging product liability by the defendant aircraft

manufacturer, held that the depositions of two employees who participated in the accident

investigation (the accident occurring in Canada) could be conducted at counsel's office in

New York, despite the defendant's principal place of business being Long Beach,

California. The court stated, "[i]t would appear that defendant is most able to bear the

expense of the trip and, similarly, would be the party most able to obtain the least

expensive transportation rates."

Moreover, the location of counsel and the number of people required to travel can

also be important in balancing the issues present.  *Custom Form Manufacturing, Inc. v.*

*Omron Corp.*,196 F.R.D. 333, 337  (D.C. Ind. 2000).  Both Air France and Mr. Sud

employ counsel who practice law and maintain their primary offices in the Eastern District.  Additionally, Plaintiff resides in the district and has the right to attend the deposition of any witness in his lawsuit, making it burdensome for him to incur the expenses of travel. Contrast that with the routine established by Air France employees who customarily fly from/to Detroit, Michigan and whose employer operates daily flights from that airport.  If Air France seeks to do business and avail itself of our economy, than the least it could be expected to do would be to produce its employee witnesses in this forum.

### C.  Air France's Witnesses Include Factual Witnesses.

Even if Plaintiff were to accept the concession or waiver of Air France, at this point, that they will not contest liability, Air France still seeks to prevent Plaintiff from taking the depositions of any of its employees, including those *who witnessed the event and its aftermath*.  In its Rule 26(a)(1) Initial Disclosures,  Air France nominates the Cabin Purser, Philippe Maquarie as likely to have discoverable information, on the subjects of "[e]vents surrounding the alleged incident, nature and extent of the alleged injury, and the actions taken after the alleged incident."  Defendant's Rule 26(a)(1) Initial Disclosures, Exhibit 3.

Defendant's accident report was completed and signed by another Air France employee, Jacque Lafitte (sp), who is also likely to have information relevant to both liability and damages.  Plaintiff is entitled to take the depositions of these individuals who may have relevant information concerning this event and at a very minimum, garner testimony in support of his claims.

### III.    Conclusion and Relief Requested

Plaintiff respectfully requests that a written Opinion and Order be issued denying the

issuance of a protective order and permitting Plaintiff to conduct the depositions of the

Air France corporate designees.


Respectfully Submitted,

**MARK KELLEY SCHWARTZ, P.C.**


*s/   Mark Kelley Schwartz*
By:  Mark Kelley Schwartz (P48058)
29201 Telegraph Road, Ste 330
Southfield, MI 48034
Tel:  (248) 353-4000
Facsimile:  (248) 353-4005
Email:  mks@mkslawfirm.com

Dated:  December 11, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2009, I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system which will send notification of such filing to the

following: **SCOTT R. TORPEY & WILLIAM D. ADAMS** and I hereby certify that I have

mailed by United States Postal Service the paper to the following non-ECF participants:

**CHRISTOPHER G. KELLY, JUDITH NEMSICK**

<div style="margin-left: 40%;">

Respectfully Submitted,

**MARK KELLEY SCHWARTZ, P.C.**

_/s/ Mark Kelley Schwartz_
By:  Mark Kelley Schwartz (P48058)
29201 Telegraph Road, Ste 330
Southfield, MI 48034
Tel:  (248) 353-4000
Facsimile:  (248) 353-4005
Email:  mks@mkslawfirm.com

</div>

## <u>INDEX OF EXHIBITS</u>

<u>Exhibit No.</u>

Notice of Taking Depositions Pursuant to
Fed. R. Civ. P. 30(b)(6) – Duces Tecum                                              1


Proposed Stipulation on Liability and Discovery Matters                  2


Defendant's Rule 26(a)(1) Initial Disclosures                                     3